1  Jody L. Factor (pro hac vice)
   Nicholas S. Lee (pro hac vice)
2  FACTOR & LAKE, LTD.
   1327 W. Washington Blvd., Suite 5/H
3  Chicago, IL 60607
   Telephone: 312.226.1818.
4  Fax: 312.226.1919
   E-Mail: jfactor@factor-lake.com
5  E-Mail: nlee@factor-lake.com

6  Attorneys for Plaintiffs FieldTurf USA, Inc. and FieldTurf Tarkett Inc.

7  Callie A. Bjurstrom, State Bar No. 137816
   Andrea M. Kimball, State Bar No. 196485
8  LUCE, FORWARD, HAMILTON &
   SCRIPPS LLP
9  600 West Broadway, Suite 2600
10 San Diego, California 92101-3372
   Telephone: (619) 236-1414
11 Facsimile: (619) 232-8311
   Email: cbjurstrom@luce.com
12        akimball@luce.com

13
   Local Counsel for Plaintiffs and Counterclaim Defendants
14 FieldTurf International, Inc. and FieldTurf Inc.

15               **UNITED STATES DISTRICT COURT**
                 **SOUTHERN DISTRICT OF CALIFORNIA**
16

17 FIELDTURF USA, INC., a Florida
   corporation; and FIELDTURF TARKETT       CASE NO.: 07-cv-01163
18 INC., a Canadian company,
                                            Judge: Barry Ted Moskowitz
19            Plaintiffs,
                                            Magistrate Judge: Barbara L. Major
20
       vs.
21
                                            ~~PROPOSED~~
22 TURF TECHNOLOGIES, INC., a California    **PROTECTIVE ORDER**
   corporation,
23
              Defendant.
24

25

26

27 ///

28 ///

~~PROPOSED~~ **PROTECTIVE ORDER**
07-cv-01163-BTM (BLM)

-1-

1. PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.

2. DEFINITIONS

2.1 Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2 Disclosure or Discovery Material: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3 "CONFIDENTIAL" Information or Items: information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under Fed. R. Civ. P. 26(c).

2.4 "CONFIDENTIAL — ATTORNEYS' EYES ONLY" Information and Items: any non public material that the Designating Party in good faith believes contains or reveals trade secrets or other proprietary or commercially sensitive information or know-how that derives its economic value from secrecy so that the disclosure of which to another Party or non-party would create a substantial risk of serious injury that could not be avoided by less restrictive means.

2.5 Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.6 Producing Party: a Party or non-party that produces Disclosure or Discovery Material in this action.

2.7     Designating Party: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "CONFIDENTIAL — ATTORNEYS' EYES ONLY."

2.8     Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or as "CONFIDENTIAL — ATTORNEYS' EYES ONLY."

2.9     Outside Counsel: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.10    House Counsel: attorneys who are employees of a Party.

2.11    Counsel (without qualifier): Outside Counsel and House Counsel (as well as their support staffs).

2.12    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party's and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party. This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.13    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

3.   SCOPE

The protection conferred by this Stipulation cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

This Protective Order shall apply to the Parties to this action, and also to any other person producing or disclosing "CONFIDENTIAL" or "CONFIDENTIAL — ATTORNEYS' EYES ONLY" information in this action who agrees or is ordered to be bound by this Protective Order.

If, in the course of this action, information is sought from a third-party which would require such person to disclose and/or produce "CONFIDENTIAL" or "CONFIDENTIAL — ATTORNEYS' EYES ONLY" information, such third-party may obtain the protections of this Protective Order by agreeing in writing to produce information pursuant to this Protective Order and to be bound by it. No further order of this Court shall be necessary to extend the protections of this Order to third-parties.

4.  DURATION

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

5.  DESIGNATING PROTECTED MATERIAL

5.1 Exercise of Restraint and Care in Designating Material for Protection. Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of material, document, items, or oral or written communications that qualify - so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

5.2 Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions.

If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

/ / /

/ / /

5.3     **Manner and Timing of Designations**. Except as otherwise provided in this Order (e.g. section 5.3(b), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced. Designation in conformity with this Order requires:

(a) <u>for information in documentary form</u> (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "CONFIDENTIAL — ATTORNEYS' EYES ONLY" on each page that contains Protected Material.

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL — ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "CONFIDENTIAL — ATTORNEYS' EYES ONLY") at the top of each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "CONFIDENTIAL — ATTORNEYS' EYES ONLY").

(b) <u>for testimony given in deposition or in other pretrial or trial proceedings</u>, that the Party or non-party offering or sponsoring the testimony identify within 30 days after receipt of the transcript the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted ("CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY"). Only those portions of the testimony that are appropriately designated for protection within the 30 days shall be covered by the provisions of this Stipulated Protective Order.

(c) <u>for information produced in some form other than documentary, and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "CONFIDENTIAL — ATTORNEYS' EYES ONLY." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "CONFIDENTIAL" or as "CONFIDENTIAL — ATTORNEYS' EYES ONLY."

5.4 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items as "CONFIDENTIAL" or "CONFIDENTIAL — ATTORNEYS' EYES ONLY" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If material is appropriately designated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order. No liability shall attach for the Receiving Party's disclosure of inadvertently or unintentionally disclosed "CONFIDENTIAL" or "CONFIDENTIAL — ATTORNEYS' EYES ONLY" Material from the time of receipt of that material until such time as the Producing Party properly designates it as "CONFIDENTIAL" or "CONFIDENTIAL — ATTORNEYS' EYES ONLY".

6. <u>CHALLENGING CONFIDENTIAL DESIGNATIONS</u>

6.1 <u>Timing of Challenges</u>. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 <u>Meet and Confer</u>. A party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly with counsel for the Designating Party. In conferring, the challenging Party

must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

      6.3    <u>Judicial Intervention</u>. A Designating Party that seeks to enforce or maintain the same a confidential designation, but cannot resolve the designation issue through a meet and confer process as described in the preceding paragraph may file and serve a motion that identifies the challenged material and sets forth in detail the basis for wanting to maintain as confidential. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Until the Court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

    7.    ACCESS TO AND USE OF PROTECTED MATERIAL

      7.1    <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 12, below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

///

7.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

(a) the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) the officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(c) experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A). Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g) the author of the document or the original source of the information.

7.3 <u>Disclosure of "CONFIDENTIAL — ATTORNEYS' EYES ONLY" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL — ATTORNEYS' EYES ONLY" only to:

/ / /

/ / /

       (a) the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

       (b) Experts (as defined in this Order) (1) to whom disclosure is reasonably necessary for this litigation, and (2) who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

       (c) the Court and its personnel;

       (d) court reporters, their staffs, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A); and

       (e) the author of the document or the original source of the information.

8. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "CONFIDENTIAL — ATTORNEYS' EYES ONLY," the Receiving Party must so notify the Designating Party, in writing (by e-mail or fax, confirmed by mail, is acceptable) immediately and in no event more than five court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order. The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its

confidential material - and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9.     NON-PARTY MATERIAL IN POSSESSION OF THE PARTIES

In the event that information in the possession or control of a Party involves the confidentiality rights of a non-party or its disclosure would violate a Protective Order issued in another action, the Party with possession or control of the information will attempt to obtain the consent of the non-party to disclose the information under this Protective Order. If the consent of the non-party cannot be obtained, the Party in possession of the non-party material will notify the Party seeking discovery of: (a) the existence of the information without producing such information; and (b) the identity of the non-party (provided, however, that such disclosure of the identity of the non-party does not violate any confidentiality obligations). The Party seeking discovery may then make further application to the non-party or seek other means to obtain such information.

10.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.     FILING PROTECTED MATERIAL

Subject to public policy and further Court Order, nothing shall be filed under seal, and the Court shall not be required to take any further action with regard to material a party has designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" without separate prior Court Order made after application by either Party. Upon receiving Court Order to file under seal, any and all portions which incorporate and/or disclose Protected Materials shall be filed by placing such separately filed Protected Material in sealed envelopes endorsed as follows: (a)

**PROPOSED PROTECTIVE ORDER**
07-cv-01163-BTM (BLM)

endorsed with the words "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY"; and (b) endorsed with the following statement:

> This envelope contains confidential information and is not to be opened by anyone other than authorized Court personnel except by Court order or pursuant to written stipulation.

The envelope shall make reference to this Protective Order and the date of its entry, and shall include the name, address and telephone number of the person filing the Protected Material. In addition, a copy of this Protective Order shall be included in the envelope. This Order is made without prejudice to either party seeking a further Order concerning any document or information felt to be entitled to a greater degree of protection.

12. **FINAL DISPOSITION**

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this action, each Receiving Party must return all Protected Material to the Producing Party. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

///

### 13. MISCELLANEOUS

13.1 <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

13.2 <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

Respectfully Submitted,

| | |
|---|---|
| s/Jody L. Factor<br>Jody L. Factor, Esq.<br>Nicholas S. Lee, Esq.<br>FACTOR & LAKE, LTD<br>1327 W. Washington Blvd., Suite 5G/H<br>Chicago, IL  60607<br>Telephone: (312) 226-1818<br>Facsimile: (312) 226-1919<br>Email:    jfactor@factor-lake.com<br>            nlee@factor-lake.com | s/Matthew R. Miller<br>Matthew R. Miller (SBN 194657)<br>DREHER LAW FIRM<br>Historic Louis Bank of Commerce Building<br>835 Fifth Avenue, Suite 202<br>San Diego, California 92101<br>Telephone:  (619) 230-8828<br>Facsimile:  (619) 687-0136<br>Email:    mattmiller32@yahoo.com |
| Callie A. Bjurstrom, State Bar No. 137816<br>Andrea M. Kimball, State Bar No. 196485<br>LUCE, FORWARD, HAMILTON & SCRIPPS LLP<br>600 West Broadway, Suite 2600<br>San Diego, California 92101-3372<br>Telephone:  (619) 236-1414<br>Facsimile:  (619) 232-8311<br>Email:    cbjurstrom@luce.com<br>            akimball@luce.com | Peter M. Polischuk (SBN 086634)<br>ATTORNEY AT LAW<br>3755 Avocado Boulevard, #520<br>La Mesa, California 91941-7301<br>Telephone:  (619) 660-6054<br>Facsimile:  (619) 660-2687<br>Email:    amadeus2@pacbell.net |
| *Attorneys for Plaintiffs FieldTurf USA, Inc. and FieldTurf Tarkett Inc.* | *Attorneys for Defendants Sports Construction Group LLC and Paul Franks* |
| Dated:  August 30, 2007 | Dated:  August 30, 2007 |

/ / /

/ / /

PURSUANT TO STIPULATION, **IT IS SO ORDERED**.

Dated: ___August 30___, 2007     _____Barbara F. Major_____
~~Hon. Barry Ted Moskowitz~~
~~United States District Judge~~

Hon. Barbara L. Major
United States Magistrate Judge

101033119.1

**PROPOSED PROTECTIVE ORDER**
07-cv-01163-BTM (BLM)

-13-