**DREHER LAW FIRM**
Robert Scott Dreher (SBN 120527)
Matthew R. Miller (SBN 194647)
Historic Louis Bank of Commerce Building
835 Fifth Avenue, Suite 202
San Diego, California 92101
Telephone: (619) 230-8828
Facsimile: (619) 687-0136

**LAW OFFICE OF PETER M. POLISCHUK**
Peter M. Polischuk (SBN 086634)
3755 Avocado Boulevard, #520
La Mesa, California 91941-7301
Telephone: (619) 660-6054
Facsimile: (619) 660-2687

Attorneys for Defendant

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIELDTURF USA, INC., a Florida Corporation; and FIELDTURF TARKETT INC., a Canadian company,<br><br>Plaintiffs,<br><br>v.<br><br>TURF TECHNOLOGIES, INC., a California Corporation,<br><br>Defendant. | Case No. 07cv1163-BTM (BLM)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT**<br><br>Judge: Honorable Barry Moskowitz<br><br>Magistrate: Honorable Barbara J. Major<br><br>Trial Date: None Set<br><br>Date of Hearing (No Appearance Needed): March 7, 2008<br><br>Time: 10:00 A.M.<br><br>Place: Courtroom "A" |

Defendant, TURF TECHNOLOGIES, INC. submits the following memorandum of points and authorities in opposition to plaintiffs' motion for leave to file an amended complaint.

I

PLAINTIFFS' MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT IS NOT TIMELY AND PLAINTIFFS' MOTION CONTAINS NO EXPLANATION AS TO WHY THE MOTION HAD NOT BEEN FILED EARLIER IN A MANNER WHICH WAS CONSISTENT WITH THE COURT'S HERETOFORE ISSUED CASE MANAGEMENT ORDER DATED SEPTEMBER 11, 2007 REGULATING DISCOVERY AND OTHER PRETRIAL PROCEEDINGS.

As the court file in this matter indicates, on September 11, 2007, the court issued its Case Management Conference Order Regulating Discovery and Other Pretrial Proceedings, which contained, among other provisions, the following mandate: "1. Any motion to join other parties, to amend the pleadings, or to file additional pleadings shall be filed on or before November 16, 2007."

Plaintiffs' present motion is made more than three months post the deadline established by the court's Case Management Order. As such, it is not timely on its face and in violation of the court's own order. While the plaintiffs' motion alludes to the reasons justifying an amendment of the complaint to introduce the proposed individual defendant David Willis into the present litigation by the conclusory statement, "During the course of the case, details concerning Mr. Willis' specific participation in the preparation of the advertisements, and their dissemination and use have been presented to FieldTurf through TurfTech's response to FieldTurf's First Set of Interrogatories," no showing is made as to when the information about David Willis was obtained, what that information

is, nor why the information could not have been generated in some manner between the time of the court's September 11, 2007 order and the date the motion was made. Indeed, it could be that plaintiffs' motivation in now attempting to add David Willis as a party defendant is because it is only now that plaintiffs have information that defendant TURF TECHNOLOGIES, INC. is out of business and is a prime candidate for filing some type of bankruptcy proceedings.

Based on the plaintiffs' lack of showing in this regard, the motion for leave to file the amended complaint should be denied.

II

THE CHARGING ALLEGATIONS OF THE PROPOSED AMENDED COMPLAINT ARE NOT LIKELY TO WITHSTAND A RULE 12(b)(6) MOTION IN THAT THERE ARE INSUFFICIENT ALLEGATIONS UPON WHICH TO BASE A CLAIM FOR INDIVIDUAL LIABILITY ON THE PART OF DAVID WILLIS APART FROM ANY PURPORTED LIABILITY OF THE CORPORATE DEFENDANT.

Other than the allegations of the original complaint, the only additions to the proposed amended complaint which constitute charging allegations as against David Willis are paragraph 6, which provides, "Defendant DAVID WILLIS is the President of Defendant Turf Technologies, Inc., with an address of 1120 Industrial Avenue, Escondido, California 92029. He is named as a defendant in both his corporate and individual capacities," and paragraph 20, which provides, "Defendant Willis personally furnished the above information that was incorporated into the advertisement in controversy, and he participated in the dissemination and use of same as a marketing tool to give TurfTech an unfair competitive advantage over FieldTurf."

Given the paucity of the allegations that have been apparently hurriedly added by plaintiffs to their proposed amended complaint, it is difficult to imagine that plaintiffs' amended complaint will survive the filing of a Rule 12(b)(6) motion by the newly introduced defendant, Willis. Plaintiffs are going to have to establish more by way of allegations than that proposed defendant Willis is an officer of the corporation and that he furnished the information which was incorporated into the advertisements in controversy in order to make him personally liable for the corporate actions complained of in the original complaint.

As such, plaintiffs' efforts to seek leave to file an amended complaint will not further justice, and in fact, appear only to be motivated by plaintiffs being in receipt of information that the corporate defendant has ceased doing business and is likely to shortly file a bankruptcy proceeding of some sort. Plaintiffs' motion for leave to file an amended complaint should be denied on the basis that it is not timely, and/or that the filing of an amended complaint will not further justice in this matter.

Dated: February 29, 2008                Respectfully submitted,


                                        s/Matthew R. Miller
                                        Attorney for Defendant
                                        E-mail: matt@dreherlawfirm.com

N:\JD\CASES\246\Pleadings\Leave To Amend Opposition.doc

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

*Fieldturf USA, Inc., et al. v. Turf Technologies, Inc.*
Case No. 07cv1163-BTM (BLM)

I, the undersigned, declare:

I am over the age of eighteen years and not a party to the case. I am employed in the County of San Diego, State of California, where the service occurs; and my business address is 3755 Avocado Blvd., #520, La Mesa, CA 91941-7301.

On **February 29, 2008**, I caused to be served copies of the documents described as:

**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT.**

on the following parties in this action:

| | |
|---|---|
| Jody L. Factor<br>Nicholas S. Lee<br>**FACTOR & LAKE, LTD.**<br>1327 W. Washington Blvd., Suite 5/H<br>Chicago, IL 60607<br>Telephone: (312) 226-1818<br>Fax: (312) 226-1919 | Callie A. Bjurstrom<br>Andrea M. Kimball<br>**LUCE, FORWARD, HAMILTON & SCRIPPS, LLP**<br>600 West Broadway, Suite 2600<br>San Diego, CA 92101<br>Telephone: (619) 236-1414<br>Fax: (619) 232-8311 |

[ ]    BY PERSONAL SERVICE. I hand-delivered the above-referenced document to the designated person referenced above.

[X]    BY FIRST CLASS MAIL. I posted the above-listed documents into the U.S. Mail, postage prepaid, to the designated person referenced above.

[X]    BY ELECTRONIC COURT FILING

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and was executed on **February 29, 2008** at San Diego, California.

_____
Wesley K. Polischuk