**DREHER LAW FIRM**
Robert Scott Dreher (SBN 120527)
Matthew R. Miller (SBN 194647)
Historic Louis Bank of Commerce Building
835 Fifth Avenue, Suite 202
San Diego, California 92101
Telephone: (619) 230-8828
Facsimile: (619) 687-0136

**LAW OFFICE OF PETER M. POLISCHUK**
Peter M. Polischuk (SBN 086634)
3755 Avocado Boulevard, #520
La Mesa, California 91941-7301
Telephone:   (619) 660-6054
Facsimile:     (619) 660-2687

Attorneys for Defendant

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIELDTURF USA, INC., a Florida Corporation; and FIELDTURF TARKETT INC., a Canadian company,<br><br>    Plaintiffs,<br><br>v.<br><br>TURF TECHNOLOGIES, INC., a California Corporation,<br><br>    Defendant. | Case No.  07cv1163-BTM (BLM)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL**<br><br>Judge:  Honorable Barry Moskowitz<br><br>Magistrate:  Honorable Barbara J. Major<br><br>Trial Date:  None Set<br><br>Date of Hearing (No Appearance Needed): April 4, 2008<br><br>Time:  11:00 A.M.<br><br>PER CHAMBERS—NO ORAL ARGUMENT UNLESS REQUESTED BY COURT |

Defendant's present counsel, the moving parties, submit the following memorandum of points and authorities in support of their motion to be allowed to withdraw as counsel:

## INTRODUCTION & SUMMARY OF ARGUMENT

Defendant's counsel ask the Court to allow their withdrawal as counsel for Defendant TURF TECHNOLOGIES, INC. Defendant's actions and the relevant circumstances have demonstrated that Defendant are unable or unwilling to cooperate or communicate with counsel in the preparation for and defense of this case for approximately the last thirty days.

A withdrawal of defense counsel at this stage of the case is unlikely to cause any significant delay in the case, because although the Court has set deadlines and dates including a Trial Date it would appear that the interests of the Court, the lawyers, the litigants, and judicial economy would all seem to be best-served by withdrawal of counsel at this time especially should defendant decide to hire alternate counsel to represent its interests, which based upon the facts and circumstances of this case, seems unlikely..

## PERTINENT FACTS

This is a case brought by plaintiffs, among other laws, the Lanham Act, in which plaintiffs claim to have suffered damages as a result of an allegedly false advertisement which defendant disseminated into the marketplace.  Plaintiffs initially filed this lawsuit on March 31, 2007 in the Northern District of California.  The action was transferred to the Southern District of California on or about June 5, 2007.  Prior thereto, on April 30, 2007, defendant filed its answer to the complaint.

The parties embarked upon the required Rule 26 procedures and exchanged information. Some pre-trial written discovery has been exchanged and responded to in this matter. No depositions have yet to be taken.

On February 27, 2008 the parties attended a Settlement Conference before this Court, although no representative of defendant was present at such time.

Within the last thirty days, defense counsel have learned that defendant TURF TECHNOLOGIES, INC. has ceased all operations, had terminated all of its employees, which payroll numbered approximately seventy (70) employees at the time, had completely shuttered its operations and was likely to file a bankruptcy proceeding within the next thirty (30) days.

Although counsel for defendants has notified a representative of defendant TURF TECHNOLOGIES, INC. that defendant was still obligated to perform certain obligations in this pending litigation and to participate in a settlement conference scheduled for February 27, 2008 by having an authorized representative of the company physically accompany me to the settlement conference and that among the various obligations that defendant TURF TECHNOLOGIES, INC. had to complete were the following:

    a. Produce documents to plaintiffs on February 29, 2008;

    b. Designate expert witnesses by February 29, 2008;

    c. Make a knowledgeable representative of defendant available for the taking of a deposition sometime during the month of March, 2008; and

    d. Respond to Supplemental Interrogatories,

defendant's counsel learned that no representatives of defendant would be available to make the documentation available., to assist me in the designation of expert witnesses, to

assist in the preparation of responses to Supplemental Interrogatories, to appear at any noticed depositions nor to appear at any court appearances at which a representative of defendant corporation would be required, because of the facts that all employees had been terminated and because of the fact that defendant TURF TECHNOLOGIES, INC. was ultimately and inevitably going to file a petition for bankruptcy in the next thirty (30) days.

Defendant's counsel cannot properly or adequately defend this case without the cooperation of these clients and, indeed, their lack of cooperation is probably more harmful to their defense than if they had no lawyer at all.

Although Defendant is not presently delinquent on any payment obligations to Defendant's counsel, the complete closing down of its operations, the termination of all of its employees, and the imminence of the filing of a bankruptcy petition all indicate it soon will be delinquent in its obligations to defendants' counsel and will otherwise be unable to satisfy any of its obligations when they become due.

## I.
## THE COURT SHOULD GRANT THIS MOTION BECAUSE DEFENDANT HAS FAILED TO COOPERATE WITH ITS COUNSEL.

California Rule of Professional Conduct 3-700(C) states that an attorney may withdraw from representation if the client's conduct "renders it unreasonably difficult for the [attorney] to carry out the employment effectively." Also, ABA Model Rule of Professional Conduct 1.16(b), which deals with "Declining or Terminating Representation," states that a lawyer may withdraw from representation if representation "has been rendered unreasonably difficult by the client." Comment 7 to Rule 1.16 elaborates that the "lawyer has the option to withdraw if it can be accomplished without

material adverse effect on the client's interests." Here, withdrawal will have no adverse effect whatsoever upon defendant TURF TECHNOLOGIES, INC.

Given the apparent adverse financial circumstances of defendant TURF TECHNOLOGIES, INC. its failure to cooperate with counsel in this case may be understandable, even justified from an economic analysis. But it has nevertheless made it impossible for counsel to defend the case for it or to participate meaningfully in settlement discussions with the Court and Plaintiffs, or to comply with the Court's Orders in general, or to enable defendant to satisfy its obligations under the Discovery Rules.

## II.
## THE COURT SHOULD PERMIT WITHDRAWAL BECAUSE DEFENDANT HAS SHOWN THAT IT WILL NOT BE ABLE TO KEEP ITS ACCOUNTS CURRENT AND IS LIKELY TO BECOME DELINQUENT.

Although defendant TURF TECHNOLOGIES, INC. is not presently delinquent in payment of any invoices, its sudden cessation of its business operations, termination of its considerable employment payroll, shuttering of its place of business, disinclination to furnish any assistance to defendant's counsel in the defense of the case, and its assertion that the filing of a bankruptcy petition in the next thirty (30) days is likely, all indicate in the aggregate and individually that it will not be able to keep its accounts with defendant's counsel current and soon probably will be delinquent, and will otherwise be unable to pay any of its obligations as they become due.

The client's failure to pay agreed-upon attorney fees may be ground for an attorney to withdraw. Statute of Liberty-Ellis Island Found. Inc. v. International United Industries, Inc., 110 FRD 395, 397 (SD NY 1986); Darby v. Torrance, 810 F. Supp. 275, 276 (CD CA 1992).

Here, even though Defendant has yet to be delinquent in its payment of attorney fees, its current situation indicates that it cannot and will not pay these obligations. There is no need to wait until that happens.

### III.
### WITHDRAWAL OF COUNSEL WILL NOT RESULT IN DELAY OR CAUSE A HARDSHIP FOR ANY PARTY IN THIS ACTION.

As of the date of this Motion to Withdraw as Counsel, although Trial Dates have been set and other discovery and other deadlines have been set, the time between now and the Trial Date furnishes defendant an adequate opportunity to employ counsel other than its present counsel of record should it decide to defend the present litigation. The granting of this motion will not result in the delay of this action and it will not work a hardship on any party.

### CONCLUSION

Based on the foregoing, counsel asks to be allowed to withdraw as Counsel and that the Court issue such an order.

Dated:  February 29, 2008              Respectfully submitted,

                                       s/Peter M. Polischuk
                                       Attorney for Defendant
                                       E-mail:  amadeus2@pacbell.net

N:\JD\CASES\246\Pleadings\Withdraw\Points and Authorities.doc