**DREHER LAW FIRM**
Robert Scott Dreher (SBN 120527)
Matthew R. Miller (SBN 194647)
Historic Louis Bank of Commerce Building
835 Fifth Avenue, Suite 202
San Diego, California 92101
Telephone: (619) 230-8828
Facsimile: (619) 687-0136

**LAW OFFICE OF PETER M. POLISCHUK**
Peter M. Polischuk (SBN 086634)
3755 Avocado Boulevard, #520
La Mesa, California 91941-7301
Telephone:   (619) 660-6054
Facsimile:    (619) 660-2687

Attorneys for Defendant

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIELDTURF USA, INC., a Florida Corporation; and FIELDTURF TARKETT INC., a Canadian company,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>TURF TECHNOLOGIES, INC., a California Corporation,<br><br>　　　　Defendant. | Case No. 07cv1163-BTM (BLM)<br><br>**DECLARATION OF PETER M. POLISCHUK IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL**<br><br>Judge: Honorable Barry Moskowitz<br><br>Magistrate: Honorable Barbara J. Major<br><br>Trial Date: None Set<br><br>Date of Hearing (No Appearance Needed): April 4, 2008<br><br>Time: 11:00 A.M.<br><br>PER CHAMBERS—NO ORAL ARGUMENT UNLESS REQUESTED BY COURT |

I, PETER M. POLISCHUK, declare as follows:

1. I am a lawyer duly licensed to practice before this Court and all the courts of the State of California. I am counsel for Defendant TURF TECHNOLOGIES, INC. in this case. I have firsthand knowledge of all the facts set forth herein and if called to testify thereto could do so competently.

2. In the last thirty days, I have attempted on numerous occasions to contact representatives of defendant TURF TECHNOLOGIES, INC. to obtain assistance in meeting defendant TURF TECHNOLOGIES, INC.'s obligations to furnish discovery material to plaintiffs and to obtain the presence of a representative of defendant TURF TECHNOLOGIES, INC. at a settlement conference scheduled in this matter. When I was finally able to speak with a representative of defendant, I learned that defendant TURF TECHNOLOGIES, INC. had ceased all operations, had terminated all of its employees, which payroll numbered approximately seventy (70) employees at the time, had completely shuttered its operations and was likely to file a bankruptcy proceeding within the next thirty (30) days.

3. I notified the representative during that conversation that defendant TURF TECHNOLOGIES, INC. was still obligated to perform certain obligations in this pending litigation and to participate in a settlement conference scheduled for February 27, 2008 by having an authorized representative of the company physically accompany me to the settlement conference. I indicated that among the various obligations that defendant TURF TECHNOLOGIES, INC. had to complete were the following:

    a. Produce documents to plaintiffs on February 29, 2008;

    b. Designate expert witnesses by February 29, 2008;

      c. Make a knowledgeable representative of defendant available for the taking of a deposition sometime during the month of March, 2008; and

      d. Respond to Supplemental Interrogatories

4. In response to those assertions made to the representative of defendant TURF TECHNOLOGIES, INC., I learned that no representatives of defendant would be available to make the documentation available to me, to assist me in the designation of expert witnesses, to assist in the preparation of responses to Supplemental Interrogatories, to appear at any noticed depositions nor to appear at any court appearances at which a representative of defendant corporation would be required, because of the facts that all employees had been terminated and because of the fact that defendant TURF TECHNOLOGIES, INC. was ultimately and inevitably going to file a petition for bankruptcy in the next thirty (30) days.

5. I cannot properly or adequately defend or settle this case, or represent my client's interests in it, without its cooperation and, indeed, its lack of cooperation is probably more harmful to its defense than if they had no lawyer at all.

6.. Although my clients is not presently delinquent on any payment obligations to me, the fact that its business operations have been terminated and that the filing of a bankruptcy proceeding is imminent makes it obvious that it will soon be delinquent in its obligations to compensate its defense counsel and will otherwise be unable to meet any of its obligations as they become due.

7. I ask that the Court grant this motion and allow all of defendant's counsel to withdraw from its representation immediately. I believe this withdrawal is in the best interests of the Court and all the parties, because although various dates and deadlines,

including a Trial Date have been set, there is sufficient time available to defendant to employ other counsel to represent it, should it so decide.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 29th day of February, 2008, at San Diego, California.

*[signature]*
PETER M. POLISCHUK

N:\JD\CASES\246\Pleadings\Withdraw\PMP Decl.doc