UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIELDTURF USA, INC., a Florida corporation; FIELDTURF TARKETT, INC., a Canadian company,<br><br>              Plaintiff,<br>v.<br><br>TURF TECHNOLOGIES, INC., a California corporation,<br><br>              Defendants. | Case No. 07cv1163-BTM (BLM)<br><br>**ORDER IMPOSING SANCTIONS** |

    On February 27, 2008, this Court convened a Mandatory Settlement Conference ("MSC"). In the order setting the MSC, the Court stated that "[i]n addition to counsel who will try the case, a party or party representative with <u>full settlement authority</u> must be present for the conference." Doc. No. 12 (emphasis in original) (footnote omitted). Plaintiffs, their counsel, and Defendant's attorney complied with the Court's order and appeared at the conference prepared to discuss settlement. Defendant Turf Technologies, however, failed to have a representative attend the conference.

    As a result of Defendant's failure, the Court issued an order

to show cause why Defendant should not be sanctioned for disobeying this Court's order. Doc. No. 20. The Court specifically required David Willis, an officer of Turf Technologies, to appear at a hearing on March 20, 2008, and to submit a declaration regarding the imposition of sanctions. Id. Mr. Willis both failed to appear at this hearing and to submit the required declaration.

The Court also invited Plaintiffs to submit a declaration of costs incurred as a result of Defendant's failure to attend the MSC. Id. Plaintiffs did so, stating that they had incurred $19,540.21 in attorneys' fees, costs related to preparing for and attending the MSC, and lost wages. Doc. No. 25.

### LEGAL STANDARD AND SANCTIONS AWARDED

Courts "unquestionably" possess the inherent power to assess sanctions for the "willful disobedience of a court order." Alyeska Pipeline Service Co. v. Wilderness Society, 421 U.S. 240, 258-59 (1975); Chambers v. NASCO, Inc., 501 U.S. 32, 45 (1991). Further, this District's Local Rules of Practice dictate that a party's "failure to comply with ... any order of the court may be ground for imposition by the court of ... monetary sanctions or attorney's fees and costs." CivLR 83.1.

An award of sanctions must be "reasonable," and when it "is based upon attorney's fees and related expenses, an essential part of determining the reasonableness of the award is determining the reasonableness of the claimed fees." Matter of Yagman, 796 F.2d 1165, 1184-85 (9th Cir. 1986). Sanctions are not determined by the "actual expenses and fees but those the court determines to be reasonable." Id. at 1185. The award must be "quantifiable with some precision and properly itemized in terms of the perceived

misconduct and the sanctioning authority." Id. at 1185.

Because Defendant and Mr. Willis failed to comply with this Court's orders, the Court finds it appropriate to sanction them. Plaintiffs request reimbursement, in the form of sanctions, for the costs they incurred in preparing for the settlement conference, traveling to and attending the settlement conference, including lost wages for the days associated with those activities, and preparing the pleadings supporting their sanction request. The Court finds the $19,540.21 sanction requested by Plaintiffs is unreasonable and declines to award the entire amount.

**1.    Preparing for the Settlement Conference**

The attorneys for Plaintiffs state they spent 12.75 hours working on this case in the days leading up to the settlement conference and that the resulting attorneys' fees total $4,575.00. Doc. Nos. 25 at 3, 25-1 at 2, 25-1 at 1. However, the attorneys do not provide any information or explanation regarding the specific work they performed.[1]  Doc. No. 25-2 at 1.

The Court declines to include the requested attorneys' fees in the sanctions award. The Court's order setting the settlement conference required both parties to prepare for the conference by submitting settlement statements and discussing settlement options

---

[1] In his declaration, attorney Jody Factor states that Exhibit 1 is an "itemized spreadsheet showing the attorneys' fees and costs" and "includes detailed, itemized descriptions of the contributions by me, including the hours spent in association with my legal services as well as one of my associates, the dates of such services, a description of the services, and all out of pocket costs incurred—including air fare, hotel, meals, etc." Doc. No. 25-1 at 2-3. However, Exhibit 1 merely contains a list of dates, initials, hours and attorneys' fees and travel costs. Doc. No. 25-2 at 1-2. It does not include any description of the legal services. Id.

and strategies (Doc. No. 12) and the Court presumes this is the work the attorneys performed and for which they seek reimbursement. This preparation was required by the Court regardless of whether Defendant appeared at the conference. Moreover, the preparation work will support any future settlement discussions. <u>Lockary</u>, 974 F.2d at 1178 (court should only award fees that the moving party would not have otherwise expended). Accordingly, the Court does not include the requested $4,575.00 in the final sanction amount.

### 2.   **Traveling to and Attending the Settlement Conference**

Plaintiffs also request $12,071.33 for the costs incurred by the attorney and client representative in traveling to and attending the settlement conference. Doc. Nos. 25-1 and 25-2. Plaintiffs request $6,400 in attorneys' fees for the sixteen hours Mr. Factor spent on the case on February 27 and 28 (Doc. No. 25-2 at 1), $371.00 in round-trip airfare to San Diego, $202.70 for three days of meals, $939.01 for unspecified hotel expenses, $122.00 in cab fare to and from the airport, and $60.00 apparently for three days of airport parking (<u>id.</u> at 2). For the corporate representative, Troy Squires, Plaintiffs request $612.77 Canadian for airfare[2], $50.00 in cab fares, $474.35 for one night's hotel expenses, $2,252.04 for three days' salary, and $581.34 for "Miscellaneous San Diego Expenses." <u>Id.</u> at 3. Mr. Squires provides receipts and documents supporting his expenses. <u>Id.</u> at 4-

---

[2] Plaintiffs submitted their airfare request in Canadian dollars. Doc. No. 25-2 at 3, 9-12. The exchange rate on February 20, 2008, the day the airline tickets were purchased, was $1.01 Canadian to one U.S. dollar. Accordingly, the Court will use $618.89 as the airfare costs incurred by Mr. Squires.

1  15. The miscellaneous expenses include food and $449.86 spent to purchase a new jacket and tie because his luggage was lost. Id. at 5.

Defense counsel contacted Plaintiffs' counsel prior to the MSC and advised Plaintiffs' counsel that it was unlikely that Defendant's representative would appear at the MSC. As a result, Plaintiffs knew or should have known that the conference likely would be short, and both the attorney and representative could have made arrangements to conduct other work during the time not spent in the settlement conference. Accordingly, the Court finds the requested sixteen hours of attorney's fees and three days of salary unreasonable. Because the settlement conference lasted approximately thirty minutes, the Court finds that one hour of attorney's fees is reasonable and therefore includes $400.00 in the sanction award.

The Court determines that reasonable expenses incurred to travel to the settlement conference should be included in the sanctions amount, however, the Court finds that several of the requested expenses are not reasonable. Yagman, 796 F.2d at 1185 (sanctions not determined by "actual expenses and fees but those the court determines to be reasonable"). Initially, the Court finds that the flight costs, one night's hotel, and two days of meals for both individuals are reasonable and appropriate expenses. The settlement conference finished by approximately 2:00 p.m. on February 27, 2008, and Plaintiffs have not provided any support for a second night and third day in San Diego. The Court, therefore, declines to include in the sanction award any costs incurred for lodging on February 27th or other expenses on February 28th.

In his request, Mr. Factor merely lists his hotel expenses as "2/26/2008 Travel-Hotel 939.01." Doc. No. 25-2 at 2. He does not provide a corresponding receipt or any other documentation supporting this expense. Lacking additional support and in light of Mr. Squires' hotel expense, the Court presumes that Mr. Factor's request includes two nights of lodging and therefore includes only half of that amount ($469.50) in the sanction award.

Similarly, the Court declines to include the meal and parking expenses incurred by Mr. Factor on the third day, February 28th. Second, Mr. Factor, again without documentation, requests $122.00 for "Travel-cabs to and from airport." Because Mr. Factor also requests parking expenses, the Court presumes the cab costs are to and from the San Diego airport. Because the courthouse and numerous hotels are located near the airport with cab fares costing approximately $15.00 one way, the Court finds Mr. Factor's unsupported request unreasonable and declines to include it. See Yagman, 796 F.2d at 85 (requiring sanctioned items to be "properly itemized" court to "scrutinize expenses [party] claimed to have incurred).

Finally, Mr. Squires requests $449.86 because his luggage was lost and he had to purchase clothing appropriate for court. This expense is not attributable to Defendant's failure to appear at the settlement conference and therefore the Court declines to include it in the sanction award. Accordingly, the Court finds the reasonable expenses incurred by Plaintiffs in traveling to and attending the MSC total $2,704.29[3] and includes that amount in the

---

[3] This figure includes the following expenses for Mr. Factor: $400 attorney's fees, $469.50 hotel, $371 airfare, $36.25 meals on 2/26, $112.82 meals on 2/27,

sanction award.

### 3. **Preparing the Sanction Request Pleadings**

Plaintiffs state that an associate (NSL) spent eight hours and Mr. Factor spent 2.25 hours preparing the pleadings filed in response to the Court's OSC order. Doc. No. 25-2 at 16. As a result, Plaintiffs request reimbursement in the amount of $2,900. Id. However, once again, Plaintiffs fail to provide any support or explanation for their request. They do not describe the work the attorneys performed or explain why it took 10.25 hours. Id. The Court's review of the filed pleadings does not justify 10.25 hours, nor the requested $2,900 fee.

Because Plaintiffs did not provide sufficient, detailed support for their request, the Court declines to award the requested amount and instead determines that a reasonable award is half of the requested amount, or $1,450. Margolis v. Ryan, 140 F.3d 850, 854-55 (9th Cir. 1998) (whether or not to award expenses incurred in preparing Rule 11 sanctions motion is matter within court's discretion); Lockary v. Kayfetz, 974 F.2d 1166, 1177 (9th Cir. 1992) (sanctioning judge has discretion to parse and estimate attorney's fees when attorneys itemize time, but do not specify nature of work performed).

### **CONCLUSION**

The Court finds that Defendant knowingly and intentionally violated this Court's order by failing to appear as ordered at the MSC, failing to file declaration(s) in response to the Court's OSC, and failing to appear as ordered at the OSC. As a result of Defendant's failures to comply with court orders, Plaintiffs

---

and $40 airport parking; and for Mr. Squires: $474.35 hotel, $618.89 airfare, $50 cab fares, and $131.48 meals.

suffered economic damages and the Court finds it appropriate to sanction Defendant in the amount of the reasonable costs incurred by Plaintiffs as a result of Defendant's failures to comply. For the reasons set forth above, the Court finds that the reasonable costs total $4,154.29. Accordingly, for its failure to attend the MSC, file the required declarations, and attend the OSC, Defendant Turf Technologies, Inc. is ordered to pay Plaintiffs $4,154.29 by May 23, 2008. In addition, Defendant must file a Notice of Payment on or before May 30, 2008 verifying that it paid this sanction.

The Court also finds that David Willis knowingly and intentionally failed to comply with this Court's order to file a declaration regarding the imposition of sanctions and to appear at the OSC. For these failures, the Court sanctions Mr. Willis $300.00. Mr. Willis is ordered to pay $300.00 to the Court's Library Fund[4] on or before May 23, 2008. In addition, he must file a Notice of Payment on or before May 30, 2008 verifying that he paid this sanction.

**IT IS SO ORDERED.**

DATED: <u>May 6, 2008</u>

_____
BARBARA L. MAJOR
United States Magistrate Judge

COPY TO:

HONORABLE BARRY TED MOSKOWITZ
U.S. DISTRICT JUDGE

ALL COUNSEL

---

[4] Payment may be made by delivering the funds to the Clerk's Office or by mailing a check to the attention of Financial at 880 Front Street, Suite 4290, San Diego, California 92101 (the check should reference the case number and sanctions order).